**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
PETER DALY,

                    Plaintiff,                          Civ. Action No. 25-cv-143 (AHN/PJE)

     -v-

JOHN MICHAEL FRANCIS, II, DISTRIBUTED
LEDGER, INC., BOLSA DX HOLDINGS LTD and
LISA PADGET ARNOLD,

                    Defendants.
-----------------------------------------------------------------x

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
### MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) and 12(b)(6)

**LAW OFFICES OF CAROLE R. BERNSTEIN**
**41 Maple Avenue North**
**Westport, Connecticut  06880**
**(203)255-8698**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES…………………………………………………….…..…. iii

PRELIMINARY STATEMENT……………………………………………………………1

RELEVANT FACTUAL BACKGROUND…………………………..……………………3

The Corporate Defendants Have No Presence or Connection with New York..............................3

Francis is an Alabama Resident and Has No Contacts With the State of New York..................... 5

Arnold is an Alabama Resident and Has No Contacts With the State of New York…………… 5

The Complaint.................................................................................................................. 6

ARGUMENT…………………………..……………………………………………...8

POINT ONE
THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL
JURISDICTION OVER THE DEFENDANTS…………………….…………………….…..8

    A.  Plaintiff Bears the Burden of Establishing Jurisdiction ………………….…..…..8

        1.  No Jurisdiction Exists Pursuant to CPLR 301.................................................10
        2.  No Jurisdiction Under CPLR 302...................................................................11

        (a).  CPLR 302(a)(1)...........................................................................................11

        (b).  CPLR 302(a)(2)-(4)..................................................................... 13

        3.  The Exercise Of Personal Jurisdiction Over Defendants Would Violate Due
Process...................................................................................................................16

POINT TWO
PLAINTIFF HAS NOT AND CANNOT STATE A VIABLE CAUSE OF ACTION AGAINST
DEFENDANTS……………………………………………………….…………...19

    A.  The Complaint is Facially Deficient……………………………….…………...19

    B.  The Complaint Impermissibly Lumps Together Defendants.....................................20

i

C.  Plaintiff Fails to State a Claim for  Breach of an "Implied Agreement."....................21

D.  Plaintiff Does Not Allege Negligence as a Matter of Law...........................................22

E.  Absent the Existence of A Criminal Statute Providing for a Private Right
of Action, No Cause of Action Exists for "Criminal Activity" And the
Complaint Fails to Contain Any Such Allegations.....................................................23
Plaintiff's Claim of "Fraud" Must Be Dismissed.....................................................23

CONCLUSION………………………………………………………………….…...……24

Decision in *Zenith Capital v. AE Quality Trades, Inc., et al.,* 2024 Slip Op. 32763(U)
[Index No. 506565/2024 (Commercial Div. Kings Co., July 25, 2024)]....................................Appendix

**TABLE OF AUTHORITIES**

<u>Cases</u>.                                                                                                      Page

*@Wireless Enters. v. A1 Consulting*, 2006 WL 3370196 (W.D.N.Y.  2006).......................... 22

*Allstate Vehicle & Prop. Ins. Co. v. Catskill Farms, Inc.*, 2018 WL 6573331
(N.D.N.Y. 2018)............................................................................................................ 16-17

*Am. Bio Medica Corp. v. Bailey*, 2018 WL 4278270 (N.D.N.Y. 2018)...................................... 17

*Am. Transit Ins. Co. v. Hoque*, 45 A.D.3d 329 (1st Dept. 2007) ...................................... 11

*Asahi Metal Indus. Co. v. Superior Ct. of Cal., Solano Cty.*, 480 U.S. 102 (1987) .......... 17, 18, 19

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)........................................................... .......20

*Atuahene v. City of Hartford*, 10 F. App'x 33 (2d Cir. 2001).................................... .20

*Ball v. Metallurgie Hoboken-Overpelt*, 902 F.2d 194 (2d Cir. 1990)…….…........9,10

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120 (2d Cir. 2002)........ 13,15

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)..............................................................19,20

*Bensusan Rest. Corp. v. King*, 126 F.3d 25 (2d Cir. 1997) ...................................... 14

*Berdeaux v. Onecoin*, 561 F.Supp.3d 379 (S.D.N.Y. 2021)....................................9,15

*Best Van Lines, Inc. v. Walker*, 490 F.3d 239 (2d Cir. 2007)......................................... 13

*Beth Isr. Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573
 (2d Cir. 2006)............................................................................................................ 21

*BonHac World Corp. v. Mellin Works*, 2023 WL 346950 (S.D.N.Y.  2023)…………...........15

*Burrows Paper Corp. v. R.G. Eng'g, Inc.*, 363 F. Supp. 2d 379 (N.D.N.Y 2005).........................10

*Cacchillo v. Insmed, Inc.*, 833 F. Supp. 2d 218 (N.D.N.Y. 2011).......................................23

*Crigger v. Fahnestock & Co.*, 443 F.3d 230 (2d Cir. 2006)..............................................23

*Daimler AG v. Bauman*, 571 U.S. 117 (2014)......................  ..... 18

*DDAVP Direct Purchaser Antitrust Litig.*, 585 F.3d 677 (2d Cir. 2009)....................................24

*DeAngelis v. Corzine*, 17 F. Supp. 3d (S.D.N.Y. 2014)……................................24

*Delagi v. Volkswagenwerk A.G. of Wolfsburg, Germany*, 29 N.Y.2d 426 (1972) ......................... 11

*Duffy v. Grand Circle Travel, Inc.*, 302 A.D.2d 324 (1st Dept. 2003)................................ 11

*Emergency Physician Servs. of New York*, 2021 WL 4437166 (S.D.N.Y. 2021)..........................21

*Feathers v. McLucas*, 15 N.Y.2d 443 (1965) .................................................... . 14

*Ferrante Equip. Co. v. Lasker-Goldman Corp.*, 26 N.Y.2d 280 (1970).................................. .12

*Ferreira v. City of Binghamton*, 975 F.3d 255 (2d Cir. 2020)........................................ 22

*Fox v. Boucher*, 794 F.2d 34 (2d Cir. 1986)................................................................ 14

*Friedr. Zoellner (New York) Corp. v. Tex Metals Co.*, 396 F.2d 300 (2d Cir. 1968)..................... 16

*Gebhardt v. Allspect, Inc.*, 96 F. Supp. 2d 331 (S.D.N.Y. 2000).................................... 19

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011)................................. 10

*Gottlieb v. Merrigan*, 170 A.D.3d 1316 (3d Dep't 2019) ...................................... 12

*Grand River Enters Six Nations v. Pryo*, 425 F.3d 158 (2d. Cir. 2005)..........................................8

*Greer v. Fox Corp.*, 283 F. Supp. 3d 154 (S.D.N.Y. 2017)........................................... 21

*Helio Logistics v. Mehta*,  2023 WL 21887 (S.D.N.Y. 2023)..................................... 15

*Hume v. Farr's Coach Lines*, 2016 WL 1031320 (W.D.N.Y.  2016)……….................. 9

*Ingraham v. Carroll*, 90 N.Y.2d 592 (1997) ................................................................ 15

*Jazini v. Nissan Motor Co.*, 148 F.2d 181 (2d Cir. 1998)................................................ 9

*Jingle Kids USA v. Incolour Capital*, 2023 WL 5016496 (S. D. N.Y.  2023)……............... 15

*Joester Loria Grp. v. Licensing Co.*, 2011 WL 1642736 (S.D.N.Y. 2011)...........................19-20

*Karabu Corp. v. Gitner,* 16 F. Supp. 2d 319 (S.D.N.Y. 1998).........................................................10

*Kazanoff v. U.S.,* 945 F.2d 32 (2d Cir. 1991)................................................................ 22

*Kidney v. Webster,* 2017 WL 758508 (N.D.N.Y. 2017)…………….….........................................8

*Kimmell v. Schaefer,* 89 N.Y.2d 257 (1996).........................................................22-23

*Kolmar Ams., Inc. v. Mycone Dental Supply Co.,* 2021 WL 5054300 (S.D.N.Y. 2021)............... 22

*LaMarca v. Pak-Mor Mfg. Co.,*  95 N.Y.2d 210 (2000)...................................................... 14

*Landoil Re v. Alexander & Alexander,* 77 N.Y.2d 28 (1990) ...................................... 10

*Laydon v. Mizuho Bank,* 2015 WL 1515358 (S.D.N.Y.  2015)...................................... 13

*Lehigh Valley Industries, Inc. v. Birenbaum,* 527 F.2d 87 (2d Cir. 1975)…...................................16

*M&M Packaging Inc. v. Kole,* 298 F. App'x 39 (2d Cir. 2008).....................................................15

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.,* 84 F.3d 560 (2d Cir. 1996) ........................... 8,17,18

*Mije Associates v. Halliburton Services,* 552 F. Supp. 418 (S.D.N.Y. 1982)................................16

*Minholz v. Lockheed Martin Corp.,* 227 F.Supp.3d 249 (N.D.N.Y  2016)....................................17

*Murray v. Northrop Grumman Info. Tech., Inc.,* 444 F.3d 169 (2d Cir. 2006)............................ 21

*Paterno v. Laser Spine Inst.,* 24 N.Y.3d 370 (2014). .................................................. 12

*Polansky v. Gelrod,*  20 A.D.3d 663 (3d Dep't 2005) ....................................................... 12

*Porina v. Marward Shipping Co., Ltd.,* 2006 WL 2465819 (S.D.N.Y. 2006)........................... 17,18

*Qube Films Ltd. v. Padell,* 2014 WL 3952931 (S.D.N.Y. 2014)........................................ 22

*Robinson v. Overseas Military Sales Corp.,*  21 F.3d 502 (2d. Cir. 1994)…………….............. 9

*Schwartzco Enterprises LLC v. TMH Mgmt., LLC,* 60 F. Supp. 3d 331 (E.D.N.Y. 2014)...........  24

*Sherwin-Williams Co. v. Avisep, S.A. de C.V.,* 2016 WL 354898 (S.D.N.Y. 2016)....................  18

*Sommerville v. N.Y.C. Police Dep't,* 2014 WL 794275 (E.D.N.Y. 2014)................................21, fn7

*Stein v. Annenberg Research Inst.,* 1991 WL 143400 (S.D.N.Y. 1991) ........................................ 14

*Tamam v. Fransabank Sol,* 677 F.Supp.2d 720 (S.D.N.Y.  2010)…………….........................8-9

*Traver v. Officine Mccarniche Toselin Spa,* 233 F.Supp.2d 404 (N.D.N.Y.  2002).......................12-13

*Tymoshenko v. Firtash,* 2013 WL 1234943 (S.D.N.Y. 2013) ........................................................17,18

*In re Unite Here Data Sec. Incident Litig.,* 740 F.Supp.3d 364 (S.D.N.Y. 2024) ........................21

*Vantone Grp. LLC v. Yangpu NGT Indus. Co.,* 2015 WL 4040882 (S.D.N.Y. 2015)....................20

*Walden v. Fiore,* 571 U.S. 277 (2014)..................................................................................16

*Whitaker v. Am. Telecasting, Inc.,* 261 F.3d 196 (2d Cir. 2001) ................................................ 16

*Wilderness USA v. Deangelo Bros.,*  265 F.Supp. 3d 201 (W.D.N.Y. 2017)…………….........10-11

*Wilson v. Neighborhood Restore Development* 2020 WL9816020 (E.D.N.Y. 2020)....................23

*Yu v. Ma,* 145 A.D.3d 577(1st Dept. 2016)...........................................................................12

*Zenith Capital v. AE Quality Trades, Inc., et al.,* 2024 Slip Op. 32763(U)
[Index No. 506565/2024 (Commercial Div. Kings Co., July 25, 2024)]..................................... 14

 *Zam & Zam Super Mkt., LLC v. Ignite Payments, LLC,* 736 Fed. Appx. 274 (2d Cir. 2018).......21

*Zito v. United Airlines,* 523 F. Supp.3d 377 (W.D.N.Y.  2021)…………….......................................8

<u>Rules</u>

CPLR § 301. ...................................................................................................... *passim*

CPLR § 302(a)(1) ........................................................................................... 11,12

CPLR § 302(a)(2) .......................................................................................... 1,13,14

CPLR § 302(a)(3) ...................................................................................... 13,14,15,16

CPLR §3211(a)(7)............................................................................................ p. 7, fn. 3

CPLR § 3211(a)(8)…………….......................................................... p.7, fn. 3

Fed. R. Civ. P. 8...............................................................................................20

Fed. R. Civ. P. 9(b)...................................................................................................... 2,23

Fed. R. Civ. P. 11............................................................................................................8, fn. 5

Fed. R. Civ. P. 12(b)(2) .................................................................................................1,18,19

Fed. R.Civ. P.
12(b)(6)............................................................................................................................1,2,19,20

Defendants BolsaDx Holdings Ltd., ("BolsaDx") John Michael Francis, II ("Francis"), Lisa Padget Arnold ("Arnold") and Distributed Ledger, Inc. ("Distributed Ledger") (collectively referred to as "Defendants") by and through their undersigned counsel, the Law Offices of Carole R. Bernstein, respectfully submit this Memorandum of Law in Support of Their Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2) and Fed. R.Civ. P. 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiff's complaint (the "Complaint") fails to contain, much less plead, sufficient facts (or any facts) to establish that this Court has personal jurisdiction over his purported "claims" against Defendants. That is because there are none.

As will be demonstrated herein, both BolsaDx and Distributed Ledger (together, "the Corporate Defendants") are foreign corporations. BolsaDx was formed under the laws of the British Virgin Islands ("BVI"), with its principal place of business located in Tortola, BVI and Distributed Ledger is a Texas corporation with a principal place of business in Texas. Distributed Ledger is the sole shareholder of BolsaDx. The Corporate Defendants do not maintain any branches, offices, or employees in New York. The Corporate Defendants do not own real estate in New York. The Corporate Defendants have and had no nexus to New York. As such, the Corporate Defendants are not "at home" in New York as required for general jurisdiction. Further, the Corporate Defendants' activities do not fall under any of the enumerated categories set forth in CPLR §302(a). The Corporate Defendants (i) do not "conduct and transact business in" New York; (ii) are not " authorized to conduct and transact business in," New York and (iii) are not "capable of suing and being sued in" New York. The Corporate Defendants have neither availed themselves of, nor consented to, jurisdiction in the State of New York. BolsaDx did not market or solicit to anyone *inside* the United States at any point. Indeed, BolsaDx prohibited the use of its trading platform by individuals residing in the United States. Simply put, there are absolutely no allegations that could form a basis for personal jurisdiction over BolsaDx.

1

There is even less reason to confer personal jurisdiction over Francis, the CEO of Distributed Ledger. He has no nexus to New York and cannot be subject to personal jurisdiction in New York. Francis is an Alabama resident who is employed in Alabama. Francis has no relevant connections to New York and the Plaintiff suggests none.

Likewise, there is no conceivable basis upon which Defendant Arnold can be subject to personal jurisdiction in New York. Arnold is an Alabama resident who is employed in Alabama. Arnold has no relevant connections to New York and the Plaintiff suggests none. Notably, the Complaint is bereft of a single factual allegation that can serve as a basis for New York jurisdiction over *any* of the Defendants.

Beyond these fatal jurisdictional defects, Plaintiff has not and cannot state any viable cause of action against Defendants. *First*, Plaintiff has engaged in prohibited group pleading with respect to the Defendants. *Second*, no agreement or contract, written or otherwise is alleged and Plaintiff fails to allege any facts constituting the provisions of an "implied agreement" that were allegedly breached. *Third*, Plaintiff fails to identify much less allege any cognizable "duty" the Defendants owed to Plaintiff that could possibly give rise to a negligence claim. *Fourth*, Plaintiff fails to set forth facts satisfying the heightened pleading standard for fraud required by Fed. R.Civ. P. 9(b). *Fifth*, there is no private right of action alleged by Plaintiff for the violation of any criminal statute of which Plaintiff baselessly accuses Defendants. Thus, each of Plaintiff's inartfully (and implausibly) alleged claims fails as a matter of law and the Court should dismiss the Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b).

For these reasons, and as explained herein, this action should be dismissed in its entirety and with prejudice against the Defendants because this court lacks personal jurisdiction over them, and in any event, Plaintiff cannot state any claims against them.

## RELEVANT FACTUAL BACKGROUND

### The Corporate Defendants Have No Presence or Connection with New York.

BolsaDx was a company formed in March 2023 under BVI Business Companies Act of 2004 and was located in Tortola, BVI. *See* Declaration of John Michael Francis, dated April 14, 2025 ("Francis Decl."), Exs. A and B.

BolsaDx provided support and marketing services for crypto exchange backends[1] hosted by Binance, serving clients in Latin America. *Id.,* ¶4. Binance is a global company that operates the largest cryptocurrency exchange in terms of daily trading volume of cryptocurrencies, i.e., buying, selling and trading digital assets. *Id.* BolsaDx crypto currency trading platform was located in Hong Kong. *Id.,* ¶12.

In order to be eligible to use BolsaDx's trading platform and related services, you must warrant that you are an authorized user. An authorized user is:

> an individual…with the full power, authority, and capacity to (1) access and use our Services and (2) enter into, deliver, and perform your obligations under these Terms. If you are an individual, you must be at least 18 years old and "[y]ou are NOT a U.S. Person. "**U.S. Person**" means any of the following: a citizen of the United States of America ("**U.S.**")….

*Id.,* ¶10. Inasmuch as Plaintiff is a United States citizen and thus, not an "authorized user" of BolsaDx, Plaintiff violated the conditions of use by misrepresenting and disguising his residence and citizenship through the use of a virtual private network ("VPN") in an attempt to improperly access and use BolsaDx. *Id.,* ¶11.

BolsaDx did not have an office in the State of New York. *Id.,* ¶14. BolsaDx did not have a branch, representative office, field office or subsidiary in the State of New York, nor did BolsaDx maintain any physical operations there. *Id.* BolsaDx is not incorporated or registered to do business in the State of

---

[1] A crypto exchange's "backend" is in control of managing user accounts, processing cryptocurrency transactions, maintaining order books, ensuring security, and facilitating communication with the front end and external services.

New York and has no license to operate in New York.  *Id.,* ¶15.  BolsaDx did not have any employees in the State of New York. *Id.,* ¶21.  BolsaDx does not maintain any bank accounts in the State of New York. *Id.,* ¶24.

Since United States citizens were not permitted to use BolsaDx's services,  BolsaDx did not market or solicit to anyone inside the United States at any point. *Id.,* ¶18.  The only way for Plaintiff to access the BolsaDx cryptocurrency platform was to disguise his residence and citizenship by employing the unauthorized use of a virtual private network ("VPN") which renders the detection of an individual's actual location impossible. *Id.,* ¶11.  Plaintiff violated the terms and conditions governing the use of the BolsaDx platform. *Id.,* ¶10.

Distributed Ledger is a corporation organized under the laws of the State of Texas. *Id.,* ¶¶ 1, 7.  Its principal place of business is located in Texas. *Id.,* ¶13. Distributed Ledger is not registered to do business in the State of New York and has no license to operate in New York.  *Id.,* ¶16.  Distributed Ledger does not and did not have any employees in the State of New York. *Id.,* ¶21.

Neither BolsaDx nor Distributed Ledger regularly transact business in the State of New York, nor do they offer products or services in New York. *Id.,* ¶17.  BolsaDx never held any United States currency or fiat of any kind.  *Id.*

Neither BolsaDx nor Distributed Ledger derived substantial revenue from commercial activities or services rendered in the State of New York. *Id.,* ¶19.  Neither BolsaDx nor Distributed Ledger own, use, or possess any real property in the State of New York, nor do they have an address, phone number or fax number there. *Id.,* ¶20.

BolsaDx and Distributed Ledger did not receive income or pay taxes in the State of New York. *Id.,* ¶22.  BolsaDx and Distributed Ledger did not and do not conduct officer or board meetings in the State of New York. *Id.,* ¶23.

### Francis is an Alabama Resident and Has No Contacts With the State of New York.

Francis is the CEO of Distributed Ledger. *Id.,* ¶1.   He is a resident of the State of Alabama. *Id.,* ¶3.  He is employed in the State of Alabama and has never worked in New York State. *Id.*   Francis does not and did not own, use or possess any real property within the State of New York.  *Id.,* ¶25.   He does not receive income or pay taxes in the State of New York. *Id.,* ¶27.  He has not transacted business within the State of New York, nor has he contracted to supply goods or services within the State of New. York. *Id.,* ¶¶26, 28.  He has never committed a tortious act within the State of New York, nor does the Complaint allege as such. *Id.,* ¶29.  He has not committed a tortious act outside of the State of New York that has caused injury  to a person or property within the State of New York, nor does the Complaint allege as such. *Id.,* ¶30.

Francis does not solicit business regularly within the State of New York, nor does he engage in any persistent conduct within the State of New York. *Id.,* ¶31.  He does not derive substantial revenue from goods used or consumed or services rendered in the State of New York. *Id.,* ¶32.  He has not expected, nor should he have reasonably expected that his conduct -- which has *not* been alleged in the Complaint -- would have consequences in the State of New York nor does he derive substantial revenue from interstate or international commerce. *Id.,* ¶33.

### Arnold is an Alabama Resident and Has No Contacts With the State of New York.

Arnold is a resident of the State of Alabama.  *See* Declaration of Lisa Padgett Arnold, dated April 10, 2025 ("Arnold Decl."), ¶5.  Arnold was not employed, associated with or affiliated with BolsaDx or Distributed Ledger.  *Id.,* ¶4.  Ms. Arnold works in the State of Alabama. *Id.,* ¶5 Ms. Arnold has never worked in the State of New York. *Id.*

Arnold does not and did not own, use or possess any real property situated within the State of New York. *Id.* at ¶6.   She does not receive income or pay taxes in the State of New York. *Id.* at ¶8. She has never transacted business within the State of New York, nor has she contracted to supply goods or services within the State of New. York. *Id.* at ¶7.  She has never committed a tortious act within the

5

State of New York, nor does the Complaint allege as such. *Id.* at ¶11. She has not committed a tortious act outside of the State of New York that has caused injury to a person or property within the State of New York, nor does the Complaint allege as such. *Id.* at ¶12.

Arnold does not solicit business within the State of New York, nor does she engage in any persistent conduct within the State of New York. *Id.* at ¶13. She does not derive substantial revenue from goods used or consumed or services rendered in the State of New York. *Id.* at ¶14. She has not expected, nor should she have reasonably expected that her conduct -- which has *not* been alleged in the Complaint -- would have consequences in the State of New York nor does she derive substantial revenue from interstate or international commerce. *Id.* at ¶15. Finally, Arnold has never knowingly communicated with the Plaintiff in this action and is befuddled as to why she has been named as a Defendant in this action. *Id.* at ¶9. Indeed, the sole basis for Plaintiff's inappropriate inclusion of Arnold as a defendant is that she did not respond to Plaintiff's allegedly "numerous email and letters … regarding the disappearance of assets, the frozen account and the disabled website…". ECF Doc. No. 1, ¶3. Incredibly, Plaintiff recklessly named Arnold in this Complaint because, allegedly, "Defendant L. Arnold was the only human being listed on the BolsaDX website." *Id.* Plaintiff speciously asserts that because her name was allegedly on the BolsaDX website, she is "an involved person with Bolsa DX, or perhaps a principal, a director or having binding importance in some other capacity." *Id.* The Complaint does not contain a single allegation regarding Arnold's contacts with New York much less a basis for this Court to assert jurisdiction over her pursuant to New York state law.

**The Complaint**

The Complaint in this action alleges that:

- Plaintiff is a resident of the State of New York, residing in Hudson Falls, New York. *See* ECF Doc. No. 1, first unnumbered paragraph.

- Defendants Francis, Distributed Ledger and Bolsa Dx "have a principal place of residence and/or place of business … [in] …Alabama and Arnold has a "principal place of residence and/or business [in] Alabama." *See* ECF Doc. No. 1, second unnumbered paragraph.

6

- That "before November 30, 2023, Plaintiff had a portfolio of digital currencies" in his account "showing a balance that included the following assets: Ripple XRP, SFP, FRONT, BEL, SCRT, BAND and TROY and BTC digital currencies…" *Id.* at ¶1.

- On or before December 3, 2023, the portfolio of digital currencies "showed a balance of $0.00 and no assets. Deposits, withdrawals, transfer, trading activities and all other functions on BolsaDx Exchange were frozen and blocked to Plaintiff by all Defendants..." *Id.* at ¶2.

- "On or before December 7, 2023 Plaintiff (i) logged into his account and viewed a zero balance and no assets (ii) Plaintiff's "access to Support Center and Submit a Ticket" sites on the BolsaDx website was blocked by "all Defendants" and that "Defendants froze the account and a complaint could not be filed or communicated directly to Defendants on the BolsaDx website." *Id.* at ¶ 3.

- "All Defendants, including … Arnold, failed in their duty, responsibility and a duty of good faith [and that] Arnold "was the only human being listed on the BolsaDx website [and thus was] involved with BolsaDx, or perhaps a principal, a director or having binding importance in some other capacity." *Id.*

- Between November 30, 2023 and June 12, 2024, Plaintiff sent numerous emails and letters to Arnold, BolsaDx and "various government offices and agencies about the disappearance of assets, the frozen account and disabled website that was removed before December 30, 2023" and received no response. *Id.* at ¶ 5.

- "By reason of the facts and circumstances above, all Defendants listed in this complaint have violated an implied agreement with respect to the use of the digital (virtual) currency exchange known as BolsaDx. The failure to provide adequate supervision, oversight and corrective measures after being notified of [the events described in the Complaint] exemplifies the abrogation of duty and nonfeasance to provide a secure, safe haven and venue where virtual currencies are used in any manner…[2]" *Id.* at ¶6.

- "…Plaintiff has been damaged by the disappearance of assets in an account on the BolsaDx Exchange in the amount of $916,730.69.[3]" *Id.* at ¶7.

---

[2] The suggestion that the disappearance or "frozen" status of Plaintiff's account was the fault of *any* of the Defendants ignores the fact that Plaintiff violated the terms and conditions of the BolsaDx trading platform by disguising his residence and whereabouts by using a VPN to trade cryptocurrencies. The risks attendant to the use of a VPN are well known, including but not limited to potential for data leaks and reliance on the particular VPN provider's security practices which may, indeed, be less than robust. It is more than likely that the use of a VPN led to the disappearance of his assets and/or the "frozen" status of Plaintiff's account. Regardless, BolsaDx prohibited trading by individuals in the United States.

[3] This is the second lawsuit with no colorable jurisdictional (or other legal) merit that Plaintiff has filed. Plaintiff filed substantially the same complaint in the Supreme Court for the State of New York, County of Washington, Index No. 2024-

7

- "…all Defendants named in this complaint have engaged in negligent conduct, criminal or otherwise; abrogated their responsibilities and duty; caused or actively triggered Plaintiff's assets to disappear from [his BolsaDx account] failed to remedy the disappearance of Plaintiff's assets … and committed fraud." *Id.* at ¶8.

## ARGUMENT

## POINT ONE

## THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION OVER THE DEFENDANTS.

### A.  Plaintiff Bears the Burden of Establishing Jurisdiction.

On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that jurisdiction over the defendants exists. *Kidney v. Webster,* 2017 WL 758508 (N.D.N.Y. 2017*) citing, Metro Life v. Roberrtson-Ceco Corp.,* 84 F.3d 560, 566 (2d Cir. 1996); *Zito v. United Airlines, Inc.*, 523 F. Supp. 3d 377, 382 (W.D.N.Y. 2021).  Where a court relies only upon the pleadings and supporting affidavits, a plaintiff need make only a *prima facie* showing of personal jurisdiction of a defendant. *Grand River Enters Six Nations v. Pryo,* 425 F.3d 158, 165 (2d. Cir. 2005).

---

37604 (the "New York State Court Action") on or about October 1, 2024 against two of the four Defendants in the instant action (BolsaDx and Arnold), seeking "$120,592.6636 [sic]" in damages.  On November 5, 2024, Defendants in the New York State Action filed a motion to dismiss for, *inter alia,* lack of personal jurisdiction pursuant to CPLR 3211(a)(7) and 3211(a)(8) (the "Motion to Dismiss").  In the Motion to Dismiss, both Arnold and Francis filed, under oath, affirmations attesting to the complete and total lack of any contacts with the State of New York. In addition, BolsaDx and Arnold fully briefed the issue of the New York State Court's lack of personal jurisdiction over them as contained in a lengthy Memorandum of Law dated and filed on November 5, 2024.   The circumstances surrounding Plaintiff's withdrawal, without prejudice, of the New York State Court Action (prior to any decision by the New York State Court judge) are fully explained and detailed in the accompanying Motion for Sanctions pursuant to Fed. R. Civ. P. 11 prior to which Plaintiff has had in excess of 21 days, pursuant to Defendants' letter dated March 5, 2025.  In short, Plaintiff fully recognized in numerous conversations with Defendants' counsel that he would not prevail on the issue of personal jurisdiction but prior to withdrawing the New York State Action, he demanded an outrageous settlement payment, stating that absent Defendants' agreement to such demand, Plaintiff would deploy "the nuclear option."  We understand that Plaintiff's filing the instant Complaint in federal court was meant to be Plaintiff's  proverbial "nuclear option."   However, Plaintiff has the same jurisdictional problem that plagued the New York State Court Action—a lack of personal jurisdiction over the Defendants. On numerous occasions, he has been  provided with the law (i.e., a federal court sitting in diversity applies the law of the forum state on personal jurisdiction) but plainly refuses to withdraw the instant Action, opting, instead, to force Defendants to spend needless attorneys' fees on a motion to dismiss based on a lack of personal jurisdiction, in addition to other pleading infirmities.  The foregoing is set forth in the Declaration of Carole R. Bernstein, dated April 21, 2025 filed in support of Defendants' Motion for Sanctions pursuant to Fed. R. Civ. P. 11.

8

"A *prima facie* showing of jurisdiction 'does not mean that plaintiff must show only some evidence that defendant is subject to jurisdiction; it means that plaintiff must plead facts which, if true, are sufficient in themselves to establish jurisdiction.' " *Tamam v. Fransabank Sal*, 677 F. Supp. 2d 720, 725 (S.D.N.Y. 2010). Pleadings that assert only "conclusory non-fact-specific jurisdictional allegations or state a "legal conclusion couched as a factual allegation" do not meet this burden. *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 185 (2d Cir. 1998). While a court should assume the truth of all well-pleaded factual allegations that support a finding of personal jurisdiction, *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990) *cert. denied*, 498 U.S. 854 (1990), it should "not draw 'argumentative inferences' in the plaintiff's favor." *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994). A plaintiff must carry his burden with respect to *each* defendant individually. Plaintiff has not met that burden. To that end, the Complaint is riddled with impermissible instances of improper group pleading, a tactic that has been expressly rejected as a basis to establish jurisdiction. *Berdeaux v. OneCoin,* 561 F.Supp.3d 379 (S.D.N.Y. 2021)

A New York federal district court sitting in diversity "exercises personal jurisdiction over the parties in accordance with the law of New York." *Hume v. Farr's Coach Lines, Ltd.*, 2016 WL 1031320, at *10 (W.D.N.Y. 2016). Courts analyze jurisdiction in two parts, both of which must be satisfied for personal jurisdiction to exist: "[f]irst, they determine whether jurisdiction lies pursuant to New York state law. Second, they determine whether jurisdiction comports with the requirements of federal [D]ue [P]rocess." *Id*.

New York provides two bases for jurisdiction. CPLR 301 provides for general jurisdiction, and CPLR 302 provides for specific jurisdiction. *See Zito*, at 382. General jurisdiction is "jurisdiction over any and all claims against a defendant, regardless of whether the claims relate to the defendant's business in New York." *Hume*, 2016 WL 1031320, at *10. Specific jurisdiction "exists over a defendant only when the claims relate to the defendant's contacts with New York." *Id*. Plaintiff cannot make either showing in this case.

9

When personal jurisdiction is predicated on specific jurisdiction, a plaintiff must establish a prima facie case of jurisdiction as to each claim. Here, the complaint is bereft of any factual allegations necessary to confer jurisdiction in this Court. Plaintiff alleges no jurisdictional basis for hailing these admittedly out-of-state defendants into a court in the State of New York. Plaintiff plainly has not demonstrated, as he must, that this Court may exercise personal jurisdiction over any of these Defendants and for that reason, the claims against them must be dismissed.

### 1. No Jurisdiction Exists Pursuant to CPLR 301.

CPLR 301 Is New York's general jurisdiction statute. This section has been "authoritatively construed to authorize jurisdiction over a foreign corporation if the defendant 'does business' in New York in the 'traditional sense.'" *Ball,* 902 F.2d 194 at 198; *see also Burrows Paper Corp. v. R.G. Eng'g, Inc.,* 363 F. Supp. 2d 379, 383-384 (N.D.N.Y 2005). Section 301 has been interpreted to allow the exercise of jurisdiction only when the defendant is engaged in such a continuous and systematic course of doing business in New York as to warrant a finding of its presence in the jurisdiction. *See Ball*, 902 F.2d at 198; *Karabu Corp. v. Gitner,* 16 F. Supp. 2d 319, 322 (S.D.N.Y. 1998) (*quoting Landoil Resources Corp. v. Alexander & Alexander Servs., Inc.,* 77 N.Y.2d 28, 33-34, (1990).

Here, there is no basis to invoke jurisdiction under CPLR 301. The Corporate Defendants are neither incorporated nor have their principal places of business in New York. *See* Francis Decl., ¶¶5, 12, 13. The Corporate Defendants otherwise have no "continuous and systematic" contacts to suggest that they are "at-home in the state." *Id.,* ¶¶14, 17, 19, 20, 21, 23, 24. *See Goodyear Dunlop Tires v. Brown*, 564 U.S. 915, 919 (2011). Neither of the Corporate Defendants have an office in New York, no subsidiaries in New York, and no employees in New York. *Id.,* ¶¶12, 13, 14, 21. The Corporate Defendants derive no revenue from New York State and have no presence in New York State. *Id.,* ¶¶14, 15, 16, 17, 19. *See Karabu*, 16 F. Supp. 2d at 323 (defendant corporate officer did not personally engage in any business in New York State). *Id.,* ¶26. There are no facts (nor could there be) that suggest that the Corporate Defendants have "systematic and continuous" contacts in New York. *See Brown*, 814

F.3d at 627. Accordingly, the Corporate Defendants are not amenable to general jurisdiction in New York. *See, e.g.*, *Zito*, 523 F. Supp. 3d at 385 (no general jurisdiction (or specific jurisdiction) over United Airlines); *Wilderness USA, Inc. v. Deangelo Bros. LLC*, 265 F. Supp. 3d 301, 314 (W.D.N.Y. 2017) (no general jurisdiction over out of state contractor). *See Delagi v. Volkswagenwerk A.G. of Wolfsburg, Germany*, 29 N.Y.2d 426 (1972) (CPLR § 301 did not confer jurisdiction over German company that had no office or place of business in New York and was not qualified to do business in New York); *Am. Transit Ins. Co. v. Hoque*, 45 A.D.3d 329 (1st Dept. 2007) (CPLR § 301 did not confer jurisdiction over company that maintained no offices or agents in New York, owned no real property in New York, and was not licensed to do business in New York); *Duffy v. Grand Circle Travel, Inc.,* 302 A.D.2d 324, 325 (1st Dept. 2003) (CPLR § 301 did not confer jurisdiction over defendant that did not maintain an office, telephone listing, mailing address, employees, or agents in New York).

Likewise, there is no credible argument that New York has general jurisdiction over either of the Individual Defendants. Plaintiff admits, as he must, that Arnold and Francis reside in Alabama. ECF Doc. 1, second unnumbered paragraph. Arnold was not employed, associated with or affiliated with BolsaDx or Distributed Ledger. Arnold Decl., ¶4. Francis and Arnold both work in the State of Alabama. Arnold Decl., ¶5, Francis Decl., ¶3. Neither Arnold nor Francis has ever worked in the State of New York. *Id.* Moreover, the Individual Defendants do not own or operate any business in New York or own, rent or use any property in the State of New York. Arnold Decl., ¶¶ 6,7, Francis Decl., ¶¶25, 26 and 28. Simply put, the allegations in the Complaint are wholly insufficient to confer personal jurisdiction over the Individual Defendants.

**2. No Jurisdiction Under CPLR 302.**

Similarly, there is no personal jurisdiction over the Defendants under New York's long arm statute, CPLR 302.

**(a). *CPLR 302(a)(1)***

302(a)(1) provides:

> [A] court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent:
>
> > 1. transacts any business within the state or contracts anywhere to supply goods or services in the state …

Thus, in order to subject Defendants to personal jurisdiction, Plaintiff would have to allege and prove by a preponderance of the evidence that Defendants transacted business in New York. This is obviously not the case here. "Transacting business" requires "purposeful activities," i.e., "volitional acts by which the non-domiciliary avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Paterno v. Laser Spine Inst.,* 24 N.Y.3d 370 (2014). It further requires that a defendant "on his or her own initiative... project[] himself or herself into this state to engage in a sustained and substantial transaction of business." *Id.* at 377. *See also Gottlieb v. Merrigan,* 170 A.D.3d 1316 (3d Dep't 2019).

Plaintiff has not alleged—and will be unable to show— that any of the Defendants "transacted business" in New York from which his alleged dispute arose. The Complaint is bereft of any allegations that any Defendant specifically transacted business in New York, let alone that Plaintiff's claims "arose from" such a transaction in New York. Not a single act has been referenced much less alleged from which this Court could assert personal jurisdiction over these Defendants. *See e.g., Yu v. Ma*, 145 A.D.3d 577(1st Dept. 2016) (holding that plaintiffs did not prove personal jurisdiction where they offered "only conclusory assertions that defendant transacts business in New York..., without reference to a single specific act"); *Polansky v. Gelrod,* 20 A.D.3d 663 (3d Dep't 2005) (affirming dismissal for lack of personal jurisdiction because Plaintiff offered nothing but conclusory assertions to support long-arm jurisdiction under CPLR 302(a)(1)). Here, Plaintiff offers *no* statements to support jurisdiction, specific *or* conclusory.

None of the Defendants is alleged to nor have they transacted business in New York or contracted to supply products or services in New York. Francis Decl., ¶¶ 26, 28; Arnold Decl., ¶¶7, 10. *See also Ferrante Equip. Co. v. Lasker-Goldman Corp.*, 26 N.Y.2d 280, 284 (1970) (finding that there was no

transaction of business when the defendant was a non-domiciliary who conducted his personal business activities out of state, had no office, bank account or telephone listings in New York, and neither solicited business in the state nor "entered the State in connection with his dealings"); *Traver v. Officine Meccaniche Toshci Spa*, 233 F. Supp. 2d 404 (N.D.N.Y 2002) (No jurisdiction under 302(a)(1) where a plaintiff's cause of action is based upon a contract negotiated from out-of-state by phone, fax or mail with the New York party).

Finally, The Complaint is bereft of any allegation that either Defendant directed any action to New York. To be certain, even if "electronic communications were routed through U.S. wires or servers, or that recipients of those [allegedly fraudulent] communications were located in the United States, is insufficient to establish minimum contacts with the [forum]." *See Laydon v. Mizuho Bank*, 2015 WL 1515358, at *3 (S.D.N.Y. 2015).

**(b.)** *CPLR 302(a)(2)-(4)*. To the extent Plaintiff seeks to allege a claim sounding in tort – which he has not -- jurisdiction would have to be premised on CPLR 302(a)(2) or (3), which provides jurisdiction where a non-domiciliary:

2. commits a tortious act within the state . . . ; or

3. commits a tortious act without the state causing injury to person or property within the state . . . , if he

> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce . . . .

*See also Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 244 (2d Cir. 2007).

Here, Defendants cannot be subject to personal jurisdiction under section 302(a)(2) because they are not alleged to have committed a tortious act in New York, as they were never in New York with respect to any of the events about which Plaintiff complains. *See, e.g., Bank Brussels Lambert v. Fiddler*

13

*Gonzalez & Rodriguez*, 171 F.3d 779, 790 (2d Cir. 1999) (CPLR § 302(a)(2) is inapplicable unless the defendant committed the tortious act while physically present in New York). Thus, even "if a New Jersey domiciliary were to lob a bazooka shell across the Hudson River at Grant's tomb," and thereby injure a New York plaintiff, C.P.L.R. § 302(a)(2) would not apply. *Bensusan Restaurant Corp. v. King*, 126 F.3d 25, 28 (2d Cir. 1997);  *Feathers v. McLucas*, 15 N.Y.2d 443 (1965)(CPLR § 302(a)(2) reaches only tortious acts performed by a defendant who is physically present in New York when he performed the wrongful act.); *See also Zenith Capital v. AE Quality Trades, Inc., et al.,* Index No. 506565 (Commercial Div. Kings Co., July 25, 2024)(failure to perform a duty in New York is not a tortious act in this state, unless the defendant or his agent enters the state.").[4]

More broadly, courts construing CPLR §302(a)(2) have held that jurisdiction under this section cannot be based on telephone calls, letters, or electronic information transmitted into New York from outside the state. *See Bensusan* at 29; *Fox v. Boucher*, 794 F.2d 34 (2d Cir. 1986); *Stein v. Annenberg Research Inst.,* 1991 WL 143400, at *3 (S.D.N.Y. 1991).  Here, as set forth *supra,* Plaintiff does not allege – nor can he -- that any of the Defendants were physically present in New York at any time, let alone that they committed a tortious act in the jurisdiction. Thus, there can be no jurisdiction over Plaintiff's claims pursuant to  C.P.L.R. §302(a)(2).

CPLR § 302(a)(3) provides for the exercise of personal jurisdiction over an out of state defendant who

> (1) "commits a tortious act without the state causing injury to person or property within the state," but only if that non-domiciliary either (2) "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state," or (3) "expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." CPLR § 302(a)(3).

As the Court of Appeals stated in *LaMarca v. Pak-Mor Mfg. Co.,*  95 N.Y.2d 210 (2000), jurisdiction under the foregoing statute rests on five elements:  "[f]irst, that defendant committed a tortious act

---

[4] The court's decision in *Zenith Capital* is appended to this Memorandum of Law.

outside the State; second, that the cause of action arises from that act; third, that the act caused injury to a person or property within the State; fourth, that defendant expected or should reasonably have expected the act to have consequences in the State; and fifth, that defendant derived substantial revenue from interstate or international commerce." *Id.* at 214; *see Ingraham v. Carroll,* 90 N.Y.2d 592, 596 (1997). Plaintiff must demonstrate personal jurisdiction with respect to each claim.  *BonHac World Corp. v. Mellin Works,* 2023 WL 346950 (S.D.N.Y. 2023); *Helio Logistics v. Mehta,* 2023 WL 21887 (S.D.N.Y. 2023).  Plaintiff has not provided –nor can he—any factual allegations satisfying the aforementioned elements.  *See Helio Logistics* (must assert factual allegations of substantial revenue from interstate or international commerce and factual allegations that New York was targeted by Defendant); *Jingle Kids USA v. Incolour Capital,* 2023 WL 5016496 (S. D. N.Y. 2023) (conclusory, non-fact specific allegations do not suffice for establishing personal jurisdiction).

Even assuming Plaintiff adequately alleged that Defendants committed a tortious act, Plaintiff cannot show that he was injured in New York.

> With a commercial tort, when the alleged injury is solely financial loss, the situs of injury is "where the original critical events associated with the action or dispute took place,  not where any financial loss or damages occurred."  When the underlying events take place outside of New York, the fact that there are financial consequences in New York due to the fortuitous location of plaintiffs is not a sufficient basis for jurisdiction under Section 302(a)(3).

*Berdeaux* at 405.  Indeed, under Second Circuit precedent, "courts determining whether there is injury in New York sufficient to warrant section 302(a)(3) jurisdiction must generally apply a situs-of-injury test, which asks them to locate the original event which caused the injury." *Bank Brussels Lambert* at 792. Where a party invokes Section 302(a)(3)(ii) as the basis for jurisdiction for a tort claim, "[t]he situs of injury ... is the place where the underlying, original event occurred which caused the injury[.]" *M&M Packaging Inc. v. Kole*, 298 F. App'x 39, 42 (2d Cir. 2008); *see also Bank Brussels*,171 F.3d at 792 ("In the case of fraud or breach of fiduciary duty committed in another state, the critical question is [ ] where the first effect of the tort was located that ultimately produced the final economic injury.").

15

The events that allegedly occurred here took place outside of New York. Here, the cryptocurrency trading platform was located in Hong Kong. Francis Decl., ¶12. Even where (unlike here) a New York resident is the one allegedly injured, the mere "occurrence of financial consequences in New York due to the fortuitous location of plaintiffs in New York is not a sufficient basis for jurisdiction" under CPLR §302(a)(3). *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 209 (2d Cir. 2001).

Finally, jurisdiction is lacking under CPLR § 302(a)(3) for an independent reason: as already explained, Plaintiff cannot establish that BolsaDx or Arnold "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in [New York]" or that BolsaDx or Arnold "expected] or should reasonably [have] expected]" its conduct to have "consequences in [New York]." CPLR § 302(a)(3)(i), (ii).

CPLR 302(a)(3)is not satisfied by consequential injuries such as lost commercial profits, which occur in New York only because the plaintiff is domiciled or doing business in New York. *See, e.g., Lehigh Valley Industries, Inc. v. Birenbaum*, 527 F.2d 87 (2d Cir. 1975); *Friedr. Zoellner (New York) Corp. v. Tex Metals Co.*, 396 F.2d 300, 302 (2d Cir. 1968); *Mije Associates v. Halliburton Services*, 552 F. Supp. 418, 420 (S.D.N.Y. 1982) ("Whatever be the "critical events" that allow us to determine the situs of a commercial injury, it is altogether clear that plaintiff's New York domicile -- in and of itself -- is not such a "critical event").

Finally, since Defendants neither own, use or possess real property in New York, jurisdiction cannot be premised  on CPLR § 302(4).

**3. <u>The Exercise Of Personal Jurisdiction Over Defendants Would Violate Due Process.</u>**

Even if this Court has a basis to assert general or specific jurisdiction, it should not, as doing so would not be consistent with federal due process requirements. To satisfy due process requirements, a plaintiff must first show the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Due

16

process requires that "the defendant's suit-related conduct...create a substantial connection to the forum State." *Walden v. Fiore*, 571 U.S. 277 (2014). "Such connection must be with the forum State itself, and the court does not look to the defendant's contacts with persons who reside there." *Allstate Vehicle & Prop. Ins. Co. v. Catskill Farms, Inc.*, 2018 WL 6573331, at *5 (N.D.N.Y. 2018). A court's primary concern should be the burden on the defendant. *Am. Bio Medica Corp. v. Bailey,* 2018 WL 4278270, at *7 (N.D.N.Y. 2018).

In *Minholz v. Lockheed Martin Corp.,* 227 F.Supp.3d 249 (N.D.N.Y 2016), this Court refused to exercise personal jurisdiction over a global corporation that maintained three physical locations in New York and performed a handful of "environmental reclamation projects" in New York. *Id*. at 261-62. Recognizing that the defendant's New York operations and the number of employees it employed in New York made up a small percentage of its overall business operations, this Court held that exercising personal jurisdiction would not be in accordance with constitutional due process principles. *Id.* at 262. Here, exercising personal jurisdiction over Defendants would offend traditional notions of fair play and substantial justice. *First*, it would be highly burdensome because all the pertinent records and witnesses are located on a different continent. *See Asahi Metal Indus. Co. v. Superior Ct. of Cal., Solano Cty.,* 480 U.S. 102, 114 (1987)(burden on Japanese defendant was "severe" because it would need to travel a significant distance to the forum and submit its dispute to a foreign judicial system); *Tymoshenko v. Firtash*, 2013 WL 1234943, at * 6 (S.D.N.Y. 2013) ("exercising jurisdiction would be impossible substantial burden on ... a Swiss corporation that does no business in the United States...."); *Porina v. Marward Shipping Co., Ltd.*, 2006 WL 2465819, at *8 (S.D.N.Y. 2006) (exercise of jurisdiction over Cypriot company would pose a "substantial burden" on defendant where none of the pertinent records, files, or witnesses were in New York).

*Second*, New York has no interest in adjudicating this dispute where the alleged claims took place outside of New York and both Corporate Defendants are foreign corporations and both Individual Defendants are Alabama residents. *Metro. Life Ins.,* 84 F.3d at 574 (holding that Vermont had

17

"absolutely no interest" in adjudicating a dispute where the acts and omissions underlying the case occurred outside the state).

*Third*, New York is not a remotely convenient forum, and Plaintiff cannot identify any significant evidence from the parties that would be more conveniently obtained in New York than in some other forum. *Porina*, 2006 WL 2465819, at *8

*Fourth*, allowing litigation with such a tenuous connection to New York to proceed here would not serve the judicial system's efficient administration of justice. "In evaluating this factor, courts generally consider where witnesses and evidence are likely to be located." *Metro. Life Ins.,* 84 F.3d at 574. Because all of the pertinent witnesses and evidence are likely located overseas and outside of New York state, this factor weighs against a finding of reasonableness. *See id. Tymoshenko*, 2013 WL 1234943, at *6 (holding that this factor weighed against jurisdiction where most relevant evidence and witnesses were located in Ukraine and beyond the court's subpoena power).

*Fifth*, litigating this case in New York would not further any substantive social policies. "When the entity that may be subject to personal jurisdiction is a foreign one, courts consider the international judicial system's interest in efficiency and the shared interests of the nations in advancing substantive policies." *Sherwin-Williams Co. v. Avisep, S.A. de C.V.*, 2016 WL 354898, at *6 (S.D.N.Y. 2016). "Great care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Asahi*, 480 U.S. at 115. BolsaDx's status as an international defendant is meaningful in this regard. "The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Asahi* at 115. Here, Plaintiff is attempting to force a BVI company that does business in Latin America located thousands of miles away into a New York court based not on any contacts BolsaDx has with New York, but rather, on Plaintiff's location. This does not comport with "traditional notions of fair play and substantial justice" as required by the Constitution. *Daimler AG v. Bauman,* 571 U.S. 117, 126(2014). In short, exercise of jurisdiction over the Corporate Defendants

that have not purposefully availed themselves of the laws of this State, would be unfair, onerous and unreasonable, and would not be "consistent with traditional notions of fair play and substantial justice." *See Asahi*, 480 U.S. at 116. So, too, as to Arnold and Francis.

As such, the Court should dismiss Plaintiff's claims under Rule 12(b)(2) for lack of personal jurisdiction.[5]

### POINT TWO

### PLAINTIFF HAS NOT AND CANNOT STATE A VIABLE CAUSE OF ACTION AGAINST DEFENDANTS.

Should this Court conclude that it has personal jurisdiction of Defendants – which, respectfully, it should not, then, in the alternative, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff has not and cannot state a viable cause of action against any Defendant.

### A.   The Complaint is Facially Deficient.

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must be dismissed when the plaintiff fails to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although the Court must accept as true all well-pled factual allegations when deciding a Fed. R. Civ. P. 12(b)(6) motion, a plaintiff must do more than plead mere "conclusory allegations or legal conclusions masquerading as factual conclusions" in order to avoid dismissal. *Gebhardt v. Allspect, Inc.*, 96 F. Supp. 2d 331, 333 (S.D.N.Y. 2000). Accordingly, where a plaintiff files a complaint containing conclusory allegations but no facts in support of the claims, the Court may

---

[5] Given Plaintiff's utter failure to make a *prima facie* showing of general jurisdiction, any request for jurisdictional discovery should be summarily denied. To that end, the Second Circuit has repeatedly affirmed denials of jurisdictional discovery where the plaintiff failed to demonstrate a *prima facie* case for personal jurisdiction over the subject defendants. *See Frontera Resources Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic*, 582 F.3d 393, 402 (2d Cir. 2009)

19

properly grant a Rule 12(b)(6) motion as a matter of law. *See Joester Loria Grp. v. Licensing Co.,* 2011 WL 1642736 (S.D.N.Y. 2011) (granting motion to dismiss under *Twombly* and *Iqbal* where plaintiff pled only conclusory allegations).

## B. The Complaint Impermissibly Lumps Together Defendants.

To survive a motion to dismiss under Rule 12(b)(6), each of Plaintiff's claims must allege enough facts to state a claim for relief that is plausible on its face under Fed. R. Civ. P. 8. To comport with Rule 8, the Complaint must "give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001); *see also Twombly,* 550 U.S. at 555. Conclusory or "'naked assertions devoid of further factual enhancement' will not satisfy Rule 8's requirements." *Vantone Grp. LLC v. Yangpu NGT Indus. Co.,* 2015 WL 4040882, at *3 (S.D.N.Y. 2015) (quoting *Iqbal*, 556 U.S. at 678). Allegations against a group of defendants, generalized for the group, are insufficient to satisfy the pleading standards. *See Twombly*, 550 U.S. at 565 n.10. Group pleading, without specific facts as to each defendant, does not sufficiently state a claim for relief. *See Atuahene*, 10 F. App'x at 34 (dismissing complaint under Rule 8 because plaintiff "lump[ed] all the defendants together in each claim and provid[ed] no factual basis to distinguish their conduct"). Here, Plaintiff's deficient group pleading permeates every aspect of his so-called claims against Defendants. Throughout the Complaint, Plaintiff does not specifically allege any facts as to how any one of the defendants engaged in any wrongful act, or any particular acts at all. The Corporate Defendants are each separate independent entities and Plaintiff fails to allege any actionable wrongful conduct much less distinguish between any alleged wrongful conduct committed by each Corporate Defendant. Nor does Plaintiff make any allegations that would permit the Court to disregard corporate distinctions and hold the Individual Defendants liable.[6]

---

[6] The only factual allegation contained in the Complaint regarding any of the Individual Defendants is the allegation that Arnold did not respond to Plaintiff's alleged correspondence. ECF Doc. No. 1, ¶5. That is not a colorable claim in New York.

20

The Complaint bandies about the following legal terms without reference to such elements or the facts underlying the claims[7]:  (1) violation of an "implied agreement;" (2) "abrogation of duty and nonfeasance to provide a secure, safe haven and venue where virtual currencies are used…" (3) "negligent conduct, criminal or otherwise" and (4) fraud.  ECF Doc. No. 1, ¶¶6, 8.

## C. Plaintiff Fails to State a Claim for  Breach of an "Implied Agreement."

"The elements of a breach of implied contract claim are the same as for a traditional breach of contract claim: '(1) the existence of a contract, (2) performance by the party seeking recovery, (3) breach by the other party, and (4) damages suffered as a result of the breach.' " *In re Unite Here Data Sec. Incident Litig.*, 740 F.Supp.3d 364 (S.D.N.Y. 2024) (quoting *Zam & Zam Super Mkt., LLC v. Ignite Payments, LLC*, 736 Fed. Appx. 274, 276 (2d Cir. 2018)). An implied contract may result from the facts and circumstances of the case and the intention of the parties as indicated by their conduct. *Id.* (quoting *Beth Isr. Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 582 (2d Cir. 2006). Under New York law, an implied-in-fact contract includes all of the elements required of any valid contract, including consideration, mutual assent, legal capacity, and legal subject matter. *Murray v. Northrop Grumman Info. Tech., Inc.*, 444 F.3d 169, 178 (2d Cir. 2006).

Plaintiff has not alleged the necessary meeting of the minds as to any aspect of this alleged implied agreement "which under New York law is an essential contract term." *Emergency Physician Servs. of New York*, 2021 WL 4437166, at *12 (S.D.N.Y. 2021).  Plaintiff has not pleaded consideration much less any of the other requisite elements of an implied agreement.).  Even if the Court were to consider this implied-in-fact contract claim, Plaintiff has not alleged which Defendants were parties to the alleged implied contract or what the terms of the alleged implied contract were. *See Greer v. Fox Corp., citing Betty, Inc. v. PepsiCo, Inc.,* 283 F. Supp. 3d 154, 166-67 (S.D.N.Y. 2017) (concluding that the plaintiff had not adequately alleged the existence of an implied-in-fact contract because "[n]owhere

---

[7] Although Plaintiff is proceeding *pro se*, such status does not rescue his failure to plead the basic elements of the "listed" causes of action or the conclusory nature of his claims. *See, e.g., Sommerville v. N.Y.C. Police Dep't*, 2014 WL 794275 (E.D.N.Y. 2014).

does Plaintiff allege that Defendant promised to pay Plaintiff for the use of any of Plaintiff's concepts" and because "Plaintiff has not alleged any of the terms of the agreement, making it impossible to determine whether Defendant is in breach of the alleged contract"). Because Plaintiff failed to allege the existence of a contract, let alone any agreement at all, Plaintiff's breach of contract claim must be dismissed. *See Kolmar Ams., Inc. v. Mycone Dental Supply Co.,* 2021 WL 5054300, at *6-7 (S.D.N.Y. 2021) (dismissing action where there was no meeting of the minds); *@Wireless Enters., Inc. v. AI Consulting, LLC*, 2006 WL 3370696, at *5-6 (W.D.N.Y. 2006) (conclusory allegations of contract existence insufficient to state a claim).

### D.  Plaintiff Does Not Allege Negligence as a Matter of Law.

To properly plead a negligence claim under New York law, a plaintiff must plausibly allege that "(1) the defendant owed the plaintiff a cognizable duty of care; (2) the defendant breached that duty; and (3) the plaintiff suffered damage as a proximate result." *Ferreira v. City of Binghamton*, 975 F.3d 255, 266 (2d Cir. 2020). To the extent that Plaintiff's proclamation of an "abrogation of duty," nonfeasance, etc. is an attempt at alleging negligence against all of the Defendants, Plaintiff's negligence claim must fail because he has not alleged which Defendant (or that each Defendant) owed him a legally cognizable duty. "An action to recover for negligence does not lie unless there exists a duty on the part of the defendant and a corresponding right in the plaintiff." *Kazanoff v. U.S.,* 945 F.2d 32, 36 (2d Cir. 1991). There is an interest in narrowing the realm of duties so that there is no limitless liability. *Kazanoff,* 945 F.2d at 37 ("A line must be drawn between the competing policy considerations of providing a remedy to everyone who is injured and of extending exposure to tort liability almost without limit."). "Whether a defendant owes a duty of care to a plaintiff 'is a question of law that the Court may properly determine on a motion to dismiss.' " *Qube Films Ltd. v. Padell*, 2014 WL 3952931, at *7 (S.D.N.Y. 2014). For example, "[p]rofessionals, such as lawyers and engineers, by virtue of their training and expertise, may have special relationships of confidence and trust with their clients." *Kimmell v. Schaefer*, 89 N.Y.2d

22

257 (1996). Here, Plaintiff alleges no facts from which it can be inferred that Defendants owed Plaintiff a duty of care.

Moreover, because BolsaDx did not seek or solicit United States customers, much less one residing in New York State, the only way that Plaintiff could trade on BolsaDx was through the use of an unsecure VPN. Plaintiff's deliberate circumventing of the terms and conditions of trading cryptocurrency would serve to vitiate any duty owed by any of the Defendants to Plaintiff.

Even if Defendants did owe Plaintiff any duty – which they did not – Plaintiff does not allege facts plausibly stating that Defendants breached such a duty. In short, the negligence claim must be dismissed.

**E. Absent the Existence of A Criminal Statute Providing for a Private Right of Action, No Cause of Action Exists for "Criminal Activity" And the Complaint Fails to Contain Any Such Allegations.**

As to the baseless and conclusory allegation of criminal activity, Plaintiff's complaint is completely devoid of any facts that would establish any crime was committed or to establish any criminal conduct on the part of any Defendant. Furthermore, Plaintiff has failed to identify any particular criminal statute that has been violated that entitles him to maintain a private right of action against Defendants. *See Wilson v. Neighborhood Restore Development,* 2020 WL9816020 (E.D.N.Y. 2020). Accordingly, Plaintiff's purported claim for criminal activity must fail.

**F. Plaintiff's Claim of "Fraud" Must Be Dismissed.**

To plead fraud under New York law, a plaintiff must allege: (1) a material misrepresentation or omission of fact; (2) made by a defendant with knowledge of its falsity; (3) an intent to defraud; (4) reasonable reliance on the part of the plaintiff; and (5) resulting damage to the plaintiff. *Cacchillo,* 833 F. Supp. 2d at 234 (citing *Crigger v. Fahnestock & Co.,* 443 F.3d 230, 234 (2d Cir. 2006)). Pursuant to Fed. R. Civ. P. 9(b), a plaintiff "must state with particularity" the circumstances constituting the fraud. Rule 9(b) is satisfied when the complaint specifies the time, place, speaker, and content of the alleged misrepresentations; how the misrepresentations were fraudulent; and the details that give rise to a strong inference that the defendant had an intent to defraud, knowledge of the falsity, or a reckless disregard

23

for the truth. *Schwartzco Enterprises LLC v. TMH Mgmt., LLC*, 60 F. Supp. 3d 331, 344 (E.D.N.Y. 2014). Plaintiff's fraud claim fails because he has not satisfied any of the basic and heightened requirements for pleading fraud. And, where, as here, there are multiple defendants, Plaintiff must plead circumstances providing a factual basis for scienter for *each* defendant; guilt by association is impermissible. *In re DDAVP Direct Purchaser Antitrust Litig.*, 585 F.3d 677, 695 (2d Cir. 2009); *see also DeAngelis v. Corzine*, 17 F. Supp. 3d 270, 281–82 (S.D.N.Y. 2014) ("[Plaintiff] improperly attempts to group-plead the scienter requirement."). Here the Complaint is silent regarding the requisite fraud allegations with respect to *any* of the Defendants. Plaintiff has not provided any support besides conclusory allegations of fraud. Therefore, Plaintiff has failed to state a claim for fraud.

<b><u>CONCLUSION</u></b>

For the foregoing reasons, the Court should grant Defendants' motion and dismiss the Complaint.

Dated:  Westport, Connecticut
      April 21, 2025

LAW OFFICES OF CAROLE R. BERNSTEIN

By:_____/s/_____
    Carole R. Bernstein, Esq.
    Law Offices of Carole R. Bernstein
    41 Maple Avenue North
    Westport, Connecticut. 06880
    Tel.:  203-255-8698
    Fax:  203-259-4735
    N.D.N.Y. Bar No. 706148

## APPENDIX

NYSCEF DOC. NO. 66

RECEIVED NYSCEF: 08/06/2024

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL PART 8
----------------------------------------x
ZENITH CAPITAL CORP.,

                Plaintiff,     Decision and order

     - against -             Index No. 506565/2024

AE QUALITY TRADES INC., ANDREA ESTEVEZ,
RE MIXED CONSTRUCTION, INC., and CHARY
RUIZ ESTEVEZ,

                Defendants,     July 25, 2024
----------------------------------------x
PRESENT: HON. LEON RUCHELSMAN     Motion Seq. #1 & #2

     The defendant's Re Mixed Construction Inc., and Chary Ruiz Estevez have moved pursuant to CPLR §3211 seeking to dismiss the complaint on the grounds the court does not maintain jurisdiction over them. The plaintiff has cross-moved seeking to compel the defendants to respond to discovery demands. The motions have been opposed respectively and arguments have been held. Papers have been submitted by the parties and after reviewing all the arguments this court now makes the following determination.

     According to the complaint, an investment opportunity was in the process of being negotiated between the plaintiff and others. The complaint alleges the defendant AE Quality Trades Inc., or the other defendants intercepted an email regarding wiring instructions for those investments and lured the investors to essentially send the investment funds to the defendants Citibank account which was opened in New York City. The plaintiff alleges that on October 26 and October 27 2022 the defendants stole one million, four hundred thousand dollars from Zenith's investors. Zenith reimbursed the investors and has brought this action

NYSCEF DOC. NO. 66

RECEIVED NYSCEF: 08/06/2024

seeking recovery of the diverted funds. The complaint alleges causes of action for fraud, conversion, common law conspiracy, unjust enrichment and civil RICO. The defendants have now moved seeking to dismiss the action on the grounds they were never served with process and in any event the court does not maintain jurisdiction over them. A motion for discovery has been filed and as noted the motions are opposed.

According to the complaint jurisdiction is based upon either the commission of a tort in New York, conducting business in New York or actual residence in New York.

Concerning the commission of a tort in New York, CPLR §302(a)(2) provides that New York courts maintain jurisdiction over any non-domiciliary who commits a tortious act within New York. Further, the above statute only applies if the defendant was physically present in the state when the tort was committed (see, Feathers v. McLucas, 15 NY2d 443, 261 NYS2d 8 [1965], Bensusan Restaurant Corp. v. King, 126 F3d 25 [2d Cir. 1997]}. As the Practice Commentaries colorfully explain, "if a New Jersey domiciliary were to lob a bazooka shell across the Hudson River at Grant's tomb, Feathers would appear to bar the New York courts from asserting personal jurisdiction over the New Jersey domiciliary in an action by an injured New York plaintiff" (see, Practice Commentaries C302:17). The commentaries continue and explain that "as construed by the Feathers decision, jurisdiction

2

NYSCEF DOC. NO. 66
RECEIVED NYSCEF: 08/06/2024

cannot be asserted over a nonresident under this provision unless the nonresident commits an act in this state. This is tantamount to a requirement that the defendant or his agent be physically present in New York....In short, the failure to perform a duty in New York is not a tortious act in this state, under the cases, unless the defendant or his agent enters the state" (id).

The plaintiff insists that physical presence in the state is not required as long as the tort was committed in New York. The plaintiff cites three cases in support of that proposition. The first, Parke-Bernet Galleries v Franklyn, 26 NY2d 132, 308 NYS2d 337 [1970] concerned CPLR §302(a)(1) and not CPLR §302(a)(2) and thus is not pertinent to this decision. The second, Kreutter v McFadden Oil Corp., 71 NY2d 460, 527 NYS2d 195 [1988] also concerned CPLR §302(a)(1) and not CPLR §302(a)(2). While the case did mention CPLR §302(a)(2) it categorically did not hold that physical presence is not required to establish jurisdiction based upon the commission of a tort. Lastly, Rushaid v Pictet & Cie, 28 NY3d 31, 145 NYS3d 276 [2016] also dealt with CPLR §302(a)(1) and not CPLR §302(a)(2). Thus, there are no cases that dispense with the physically present requirement to assert jurisdiction pursuant to CPLR §302(a)(2). Thus, the defendant must be physically present in the state even where the injury occurs within the state.

Concerning conducting business in New York pursuant to CPLR

3

NYSCEF DOC. NO. 66

RECEIVED NYSCEF: 08/06/2024

302(a)(1), in Johnson v. Ward, 4 NY3d 516, 797 NYS2d 33 [2005] the court held that "long-arm jurisdiction over a nondomiciliary exists where (i) a defendant transacted business within the state and (ii) the cause of action arose from that transaction of business. If either prong of the statute is not met, jurisdiction cannot be conferred under CPLR 302(a)(1)" (id). In Agency Rent A Car System Inc., v. Grand Rent A Car Corp., 98 F3d 25 [2d Cir. 1996] the court explained that "the question of whether an out-of-state defendant transacts business in New York is determined by considering a variety of factors, including: (i) whether the defendant has an on-going contractual relationship with a New York corporation...(ii) whether the contract was negotiated or executed in New York, and whether, after executing a contract with a New York business, the defendant has visited New York for the purpose of meeting with parties to the contract regarding the relationship...(iii) what the choice-of-law clause is in any such contract...and (iv) whether the contract requires franchisees to send notices and payments into the forum state or subjects them to supervision by the corporation in the forum state...Although all are relevant, no one factor is dispositive. Other factors may also be considered, and the ultimate determination is based on the totality of the circumstances" (id). Thus, a non-domiciliary may be subject to the jurisdiction of New York courts where that individual "transacts any business within the state or

4

NYSCEF DOC. NO. 66                                          RECEIVED NYSCEF: 08/06/2024

contracts anywhere to supply goods or services in the state" (CPLR §302(a)). "Although it is impossible to precisely fix those acts that constitute a transaction of business" case law has established that "it is the quality of the defendants' New York contacts that is the primary consideration" (see, Fischbarg v. Doucet, 9 NY3d 375, 849 NYS2d 501 [2007]).

The defendant Chary Ruiz Estevez as the owner of defendant Re Mixed Construction Inc., submitted an affidavit which states that he never resided in New York and that neither he nor his company ever conducted business in New York. Thus, the burden of proof the defendants maintained sufficient connections to New York now falls upon the plaintiff (see, Pichardo v. Zayas, 122 AD3d 699, 996 NYS2d 176 [2d Dept., 2014]).

The plaintiff asserts that evidence of conducting business exists by virtue of transfers from defendant AE Quality Trades Inc., to Re Mixed Construction Inc., as reflected in bank statements and wire transfers. However, none of the bank statements or wire statements implicate the moving defendants at all.

Next, the plaintiff argues that the defendants engaged in a civil conspiracy and that consequently jurisdiction may be asserted upon the moving defendants as agents of the remaining defendants. While New York does not recognize an independent cause of action for civil conspiracy (Plymouth Drug Wholesalers

5

NYSCEF DOC. NO. 66

RECEIVED NYSCEF: 08/06/2024

Inc., v. Kirschner, 239 AD2d 479, 658 NYS2d 64 [2d Dept., 1997]) it does permit jurisdiction based upon conspiracy-like activity (Lawati v. Montague Morgan Slade Ltd., 102 AD3d 427, 961 NYS2d 5 [1st Dept., 2013]). Thus, to establish such jurisdiction the plaintiff must demonstrate "(a) the defendant had an awareness of the effects in New York of its activity; (b) the activity of the co-conspirators in New York was to the benefit of the out-of-state conspirators; and (c) the co-conspirators acting in New York acted at the direction or under the control, or at the request of or on behalf of the out-of-state defendant" (id). In this case the complaint alleges that Re Mixed Construction Inc. "received portions of the Zenith funds disbursed from the AE account" and used the funds for its own benefit and that Chary Ruiz Estevez directed Re Mixed Construction Inc. "to receive portions of the Zenith funds disbursed from the AE account" (see, Complaint, ¶48(d), (e) [NYSCEF Doc. No. 2]). Thus, the plaintiff has sufficiently established jurisdiction and the motion seeking to dismiss based upon these grounds is denied.

Turning to the issue of service, generally a process server's affidavit provides prima facie evidence of proper service (Household Finance Realty Corp. of New York v. Brown, 13 AD3d 340, 785 NYS2d 742 [2d Dept., 2004]). To contend that service was improper and that defendant is entitled to a hearing on the matter, the defendant must allege facts to support the

6

NYSCEF DOC. NO. 66                                    RECEIVED NYSCEF: 08/06/2024

contention (Mortgage Electronic Registration Systems, Inc., v. Schotter, 50 AD3d 983, 857 NYS2d 592 [2d Dept., 2008, Hannover Insurance Company v. Cannon Express Corp., 1 AD3d 358, 766 NYS2d 853 [2d Dept., 2003]). The affidavit of the process server, William Laguer, states that on March 7, 2024 he personally served the defendant Chary Ruiz Estevez at a location in New Jersey (see, Affidavit of Service [NYSCEF Doc. No. 10]). In opposition to the affidavit of Mr. Laguer, the defendant has introduced an affidavit denying he was ever served and insisting he was not even in the United States on that date (see, Affidavit of Chary Ruiz Estevez, ¶2 [NYSCEF Doc. No. 17]). The passport of Mr. Estevez does not conclusively establish he could not have been present in the United States on March 7, 2024. The passport merely confirms she had been out of the country at some earlier dates. Therefore, there are questions of fact whether service of process was properly effectuated. Consequently, the parties will be notified about a hearing on the issue of service.

The cross-motion seeking discovery is denied at this time without prejudice and may be renewed upon the conclusion of the hearing concerning service.

So ordered.

ENTER:

DATED: July 25, 2024
       Brooklyn N.Y.                    _____
                                        Hon. Leon Ruchelsman
                                        JSC

7

7 of 7